**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Southern_____ District of _____Texas_____
(State)

Case number (If known) _____ Chapter ___11___

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Five Star Land Owner, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | N/A |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 6720    N. Scottsdale Rd.<br>Number    Street | Number    Street |
| Suite #130 | |
| Scottsdale    AZ    85253<br>City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Maricopa County<br>County | 7000    E. Lincoln Dr.<br>Number    Street |
| | Paradise Valley    AZ    85253<br>City    State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.rcpvluxury.com/ |

Debtor    Five Star Land Owner, LLC                              Case number (if known)_____
          Name

---

**6. Type of debtor**

&#9746; Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

&#9633; Partnership (excluding LLP)

&#9633; Other. Specify:_____

---

**7. Describe debtor's business**

A. *Check one:*

&#9633; Health Care Business (as defined in 11 U.S.C. § 101(27A))

&#9633; Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

&#9633; Railroad (as defined in 11 U.S.C. § 101(44))

&#9633; Stockbroker (as defined in 11 U.S.C. § 101(53A))

&#9633; Commodity Broker (as defined in 11 U.S.C. § 101(6))

&#9633; Clearing Bank (as defined in 11 U.S.C. § 781(3))

&#9746; None of the above

B. *Check all that apply*:

&#9633; Tax-exempt entity (as described in 26 U.S.C. § 501)

&#9633; Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

&#9633; Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
  _5_ _3_ _1_ _3_

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

&#9633; Chapter 7

&#9633; Chapter 9

&#9746; Chapter 11. Check all that apply:

  &#9633; Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

  &#9633; The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  &#9633; The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

  &#9633; A plan is being filed with this petition.

  &#9633; Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  &#9633; The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  &#9633; The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

&#9633; Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

&#9746; No

&#9633; Yes.  District _____  When _____  Case number _____
                                         MM / DD / YYYY

       District _____  When _____  Case number _____
                                         MM / DD / YYYY

---

Debtor  Five Star Land Owner, LLC
Name

Case number (if known)_____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | See Attached Schedule 1 | Relationship | Affiliates |
| District | Southern District of Texas | When | 11/04/2025 |
| | | | MM / DD / YYYY |

Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

Where is the property? _____
Number        Street

_____

_____
City                                         State      ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

# Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

| Debtor | Five Star Land Owner, LLC | Case number (if known) |
|---|---|---|
| | Name | |

---

**15. Estimated assets**

☒ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☒ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

# Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___11/04/2025___
MM / DD / YYYY

✗ _/s/ Lance Miller_                    Lance Miller
Signature of authorized representative of debtor    Printed name

Title ___Authorized Person___

---

**18. Signature of attorney**

✗ _/s/ Nicholas J. Hendrix_            Date ___11/04/2025___
Signature of attorney for debtor        MM / DD / YYYY

Nicholas J. Hendrix
Printed name

O'Melveny & Myers LLP
Firm name

2801         North Harwood Street, Suite 1600
Number        Street

Dallas                          TX          75201
City                            State       ZIP Code

(972) 360-1900                  nhendrix@omm.com
Contact phone                   Email address

TX Bar No. #24087708            Texas
Bar number                      State

---

## SCHEDULE 1

**Pending Bankruptcy Cases Filed by the Debtors in this Court**

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.  Contemporaneously herewith, the Debtors are filing a motion requesting joint administration of these chapter 11 cases for procedural purposes only under the case number assigned to F-Star Socorro, L.P.

1. F-Star Socorro, L.P.
2. Five Star Development Properties, LLC
3. Five Star Development Resort Communities, LLC
4. Five Star Resort Holdings Parent, LLC
5. Five Star Resort Holdings, LLC
6. Five Star Resort Mezz, LLC
7. Five Start Resort Owner, LLC
8. Five Star Land Holdings Parent, LLC
9. Five Star Land Holdings (AZ), LLC
10. Five Star Land Mezz, LLC
11. Five Star Land Owner, LLC
12. FSPV Mezz C Sub LLC
13. FSPV Res C, LLC
14. 11751 Alameda Avenue Owner, LLC
15. JNY Building Owner, LLC
16. JNY II Building Owner, LLC
17. 1340 Bob Hope Drive Owner, LLC
18. JNY, L.P.
19. JNY II, L.P.
20. 5 Star Tech I, L.P.
21. 5 Star Tech II-1, LP
22. 5 Star Tech II-4, LP
23. 5 Star Tech II-2, L.P.
24. F-Star Socorro Holding Co., LLC
25. JNY Mezz, LLC
26. JNY II Mezz, LLC
27. 5 Star Tech I GP, LLC
28. 5 Star Tech II-1 GP, LLC
29. 5 Star Tech II-4 GP, LLC
30. 1340 Bob Hope Drive Parent, LLC
31. 11751 Alameda Avenue Parent, LLC
32. Unit 82 El Paso Owner, LLC
33. Southwest Rojas Parent, LLC
34. Southwest Rojas, LLC

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
<tr><td colspan="2">Debtor Name  Five Star Land Owner, LLC</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the Southern District of Texas</td></tr>
<tr><td colspan="2">Case number (if known): _____</td></tr>
</table>

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **ARMSTRONG RESIDENTIAL SERVICES LLC** 6720 N. SCOTTSDALE RD., #212 SCOTTSDALE, AZ 85253 | JON ARMSTRONG JON@ACGARIZONA.COM  KAREN ARMSTRONG KAREN@ACGARIZONA.COM | Trade Debt | | | | $6,145,132.00 |
| 2 | **XBUILT LLC** 3317 S. HIGLEY RD., STE. #147 GILBERT, AZ 85297 | DEREK RICHEY INFO@XBUILTROOFING.COM | Trade Debt | | | | $3,233,921.00 |
| 3 | **THE RITZ-CARLTON HOTEL COMPANY, LLC** 7750 WISCONSIN AVE. BETHESDA, MD 20814 | JAMES LAST JAMES.LAST@MARRIOTT.COM | Trade Debt | | | | $2,196,804.00 |
| 4 | **EVER-READY GLASS COMMERCIAL** 2525 E. INDIAN SCHOOL RD. PHOENIX, AZ 85016 | RANDY MADDUX RANDY@EVER-READYGLASS.COM | Trade Debt | C, U, D | | | $1,302,653.00 |
| 5 | **PURCHASING MANAGEMENT INT'L LP** 5080 SPECTRUM DR., STE. 300E ADDISON, TX 75001 | CARL LONG CLONG@PMICONNECT.COM | Trade Debt | | | | $915,630.00 |
| 6 | **THEATER X LLC** 14825 N. 82ND ST., #C SCOTTSDALE, AZ 85260 | BRENT PTACEK BRENT@THEATERX.COM | Trade Debt | | | | $889,945.00 |
| 7 | **HIGHBORN CABINETRY, LLC** 2525 W. CORONADO RD. PHOENIX, AZ 85009 | BILL ROACH BILL.ROACH@HIGHBORNCABINETRY. COM | Trade Debt | C, U, D | | | $482,624.00 |
| 8 | **MARIN GLASS DESIGN** 9035 E. PIMA CENTER PKWY., STE. 1 SCOTTSDALE, AZ 85258 | WARREN HUNTER WARREN@MARINGLASSDESIGN.COM | Trade Debt | C, U, D | | | $323,090.00 |
| 9 | **ARIZONA RESTAURANT SUPPLY** 6077 N. TRAVEL CTR. DR. TUCSON, AZ 85741 | DAVE OGDEN DAVID@AZRESTAURANTSUPPLY. COM | Trade Debt | C, U, D | | | $164,738.00 |
| 10 | **BBGM (MONOGRAM)** 1825 K STREET NW, STE. 300 WASHINGTON, DC 20006-1202 | HEATHER CHILTON HEATHER.CHILTON@MONOGRAM.BB GM.COM | Trade Debt | | | | $163,069.00 |
| 11 | **THE DOYLE FIRM, P.C.** 11811 N. TATUM BLVD., STE. 2900 PHOENIX, AZ 85028-1603 | MARISA HERNANDEZ MHERNANDEZ@DOYLELAWGROUP. COM | Professional Services | | | | $157,067.00 |
| 12 | **AMBITION AIR CONDITIONING** 437 S. 48TH ST., STE. 101 TEMPE, AZ 85281 | MOUAD BOUMERZOUG INFO@AMBITIONAC.COM | Trade Debt | C, U, D | | | $153,634.00 |
| 13 | **PRO CLASSIC** 15918 CERCA BLANCA DR. HOUSTON, TX 77083 | OMAR LOPEZ OMAR404059@YAHOO.COM | Trade Debt | C, U, D | | | $146,540.00 |

Debtor   Five Star Land Owner, LLC                              Case number (*if known*) _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 **LOOK ELECTRIC** 6825 S. HARDY DR., STE. 108 TEMPE, AZ 85283 | ERIC BOUDREAU, ERIC.BOUDREAU@LOOKELECTRIC.COM | Trade Debt | C, U, D | | | $139,095.00 |
| 15 **PROCORE TECHNOLOGIES, INC.** 2975 REGENT BLVD, STE. 100 IRVING, TX 75063 | BILLING DEPARTMENT BILLING@PROCORE.COM | Trade Debt | | | | $117,775.00 |
| 16 **RICH INTERIORS** 2851 W. FAIRMOUNT AVE., STE. C PHOENIX, AZ 85017 | JUSTIN RICH JUSTIN@RICHINTERIORINC.COM | Trade Debt | C, U, D | | | $110,498.00 |
| 17 **KORTMAN INC** 4710 E. ELWOOD ST., STE. 15 PHOENIX, AZ 85040 | KEN KORTMAN KEN@KORTMANINC.COM | Trade Debt | | | | $97,713.00 |
| 18 **ISEC INCORPORATED** 6000 GREENWOOD PLAZA, STE.200 GREENWOOD VILLAGE, CO 80111 | KENNETH BRING KSBRING@ISECINC.COM | Trade Debt | C, U, D | | | $87,928.00 |
| 19 **PROFORM CONCRETE** 1667 S. 141ST PL. GILBERT, AZ 85295 | JEFF LAMPSON JRL.PROFORMCONCRETE@HOTMAIL.COM | Trade Debt | C, U, D | | | $71,277.00 |
| 20 **TRIAD STEEL SERVICE** 2501 W. BEHREND DR., STE. 21 PHOENIX, AZ 85027 | ANASTASIA OCHS INVOICES@TRIADSTEEL.COM | Trade Debt | C, U, D | | | $68,914.00 |
| 21 **ARIZ-SON CONCRETE** PO BOX 11585 PHOENIX, AZ 85061 | LUIS GUZMAN LUIS.GUZMAN@ARIZSON.COM | Trade Debt | C, U, D | | | $68,157.00 |
| 22 **OLYMPIC WEST FIRE PROTECTION** 128 S. RIVER DRIVE TEMPE, AZ 85281-3011 | TAYLOR KOZIMINSKI TAYLOR@OLYMPICWESTFIRE.COM | Trade Debt | C, U, D | | | $62,721.00 |
| 23 **SHERWOOD WELDING** 260 E. COMSTOCK DR. CHANDLER, AZ 85225 | JOSH NELSON JOSH@SHERWOODWELDING.COM | Trade Debt | C, U, D | | | $62,272.00 |
| 24 **BURPEES/BLOOD, SWEAT & TEARS** CONSTRUCTION LLC 11375 W. MONSOON TRL. TUCSON, AZ 85743 | MIKE BURPEE BURPEESPLUMBING@GMAIL.COM | Trade Debt | C, U, D | | | $52,233.00 |
| 25 **QUALITY STUCCO CORPORATION** 1346 N. 66TH PL. MESA, AZ 85205-4924 | JIM GORDON JIM@QUALITYSTUCCO.NET | Trade Debt | C, U, D | | | $44,932.00 |
| 26 **NORCON INDUSTRIES, INC.** 5412 E. CALLE CERRITOS GUADALUPE, AZ 85283 | GILBER ANGEL GILBERTA@NORCONINDUSTRIES.COM | Trade Debt | C, U, D | | | $42,830.00 |
| 27 **WANG ELECTRIC SYSTEMS** 4107 E. WINSLOW AVE., STE. C PHOENIX, AZ 85040 | NILS WANG NILS@WANGELECTRIC.COM | Trade Debt | C, U, D | | | $39,158.00 |
| 28 **WALLPAPER & MORE INTERIORS** 13540 W. CAMINO DEL SOL, #2 SUN CITY WEST, AZ 85375 | DYLAN JOHNS INFO.WALLPAPERNMORE@GMAIL.COM | Trade Debt | C, U, D | | | $33,086.00 |
| 29 **NALCO COMPANY LLC** PO BOX 730005 DALLAS, TX 75373-0005 | STEPHANIE PONCE-CARDENAS GETPAID.NA@ECOLAB.COM | Trade Debt | | | | $32,643.00 |
| 30 **MILLING MACHINERY INC** 1042 S. LEWIS MESA, AZ 85210 | JASON BARNES JASON@MMIINDUSTRIAL.COM | Trade Debt | C, U, D | | | $31,272.00 |

<table>
<tr><td>

**Fill in this information to identify the case and this filing:**

Debtor Name  Five Star Land Owner, LLC

United States Bankruptcy Court for the Southern District of Texas

Case number *(if known):*

</td></tr>
</table>

Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐     *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐     *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐     *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐     *Schedule H: Codebtors* (Official Form 206H)

☐     *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐     *Amended Schedule* ___

☒     *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐     Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Executed on   11/04/2025                **X**   */s/ Lance Miller*
                    MM/DD/YYYY                                 Signature of individual on behalf of debtor

                                                              Lance Miller
                                                              Printed name

                                                              Authorized Person
                                                              Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
------------------------------------------------------------ x
                                          :
In re:                                    :   Chapter 11
                                          :
FIVE STAR LAND OWNER, LLC,                :   Case No. 25-XXXXX (XXX)
                                          :
                        Debtor.           :   Joint Administration Requested
                                          :
                                          :
------------------------------------------------------------ x
```

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to Bankruptcy Rules 1007(a)(1) and 7007.1, the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of equity interests in the above-captioned debtor.

| Debtor | Direct Owner(s) | Indirect Owner(s) |
|--------|-----------------|-------------------|
| Five Star Land Owner, LLC | Five Star Land Mezz, LLC | Five Star Land Holdings (AZ), LLC<br><br>Five Star Land Holdings Parent, LLC<br><br>Five Star Development Resort Communities, LLC<br><br>Five Star Development Properties, LLC |

Fill in this information to identify the case and this filing:

Debtor Name __Five Star Land Owner, LLC_____

United States Bankruptcy Court for the Southern District of Texas

Case number *(if known)*: _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### ▮ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐     *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐     *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐     *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐     *Schedule H: Codebtors* (Official Form 206H)

☐     *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐     *Amended Schedule ___*

☐     *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒     Other document that requires a declaration__Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Executed on   __11/04/2025_____        X   */s/ Lance Miller_____
            MM/DD/YYYY                               Signature of individual on behalf of debtor

                                                  Lance Miller_____
                                                  Printed name

                                                  Authorized Person_____
                                                  Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

------------------------------------------------------------ x

In re:                                                    :   Chapter 11
                                                          :
FIVE STAR LAND OWNER, LLC,                                :   Case No. 25-XXXXX (XXX)
                                                          :
                              Debtor.                     :   Joint Administration Requested
                                                          :
------------------------------------------------------------ x

## <u>LIST OF EQUITY SECURITY HOLDERS</u>

Pursuant to Bankruptcy Rule 1007(a)(3), the following is a list of holders of an interest in the above-captioned debtor.

| Name of Equity Security Holder | Mailing Address of Equity Security Holder | Percentage |
|---|---|---|
| Five Star Land Mezz, LLC | 6720 N. Scottsdale Rd., Suite #130, Scottsdale, AZ 85253 | 100% |

Fill in this information to identify the case and this filing:

Debtor Name __Five Star Land Owner, LLC_____

United States Bankruptcy Court for the Southern District of Texas

Case number *(if known)*: _____

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors**        **12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    *Amended Schedule* ___

☐    *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒    Other document that requires a declaration__List of Equity Security Holders_____

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Executed on   __11/04/2025_____    **X**    __/s/ Lance Miller_____
               MM/DD/YYYY                        Signature of individual on behalf of debtor

                                               __Lance Miller_____
                                               Printed name

                                                 __Authorized Person_____
                                                 Position or relationship to debtor

**JOINT UNANIMOUS WRITTEN CONSENT OF
THE SOLE MEMBERS, MANAGER, AND INDEPENDENT MANAGERS OF**

**11751 ALAMEDA AVENUE OWNER, LLC, a Delaware limited liability company
JNY BUILDING OWNER, LLC, a Delaware limited liability company
JNY II BUILDING OWNER, LLC, a Delaware limited liability company
FIVE STAR RESORT OWNER, LLC, a Delaware limited liability company
FIVE STAR LAND OWNER, LLC, a Delaware limited liability company
FSPV MEZZ C SUB LLC, a Delaware limited liability company
FSPV RES C, LLC, a Delaware limited liability company
1340 BOB HOPE DRIVE OWNER, LLC, a Delaware limited liability company
FIVE STAR LAND MEZZ, LLC, a Delaware limited liability company
FIVE STAR RESORT MEZZ, LLC, a Delaware limited liability company
UNIT 82 EL PASO OWNER, LLC, a Delaware limited liability company
SOUTHWEST ROJAS PARENT, LLC, a Delaware limited liability company
SOUTHWEST ROJAS, LLC, a Delaware limited liability company**

November 3, 2025

The undersigned, being the manager, sole members, and independent managers (the "<u>Governing Body</u>") of the companies set forth above (the "<u>Companies</u>"), acting pursuant to the Companies' respective governing documents Delaware Code § 18-404 hereby consents to the adoption of the following recitals and resolutions by written consent:

<u>CHAPTER 11 CASES</u>

WHEREAS, Lance Miller was appointed the Chief Restructuring Officer of the Companies effective as of November 3, 2025 (the "<u>Chief Restructuring Officer</u>"), pursuant to those certain written consents of the Companies dated November 3, 2025;

WHEREAS, the Governing Bodies of the Companies held a series of meetings to consider the financial and operational aspects of the Companies' businesses and the best course of action to maximize and preserve value, have received financial and other input from management and its advisors, have had the opportunity to review and consider the same, and have pursued and considered various alternatives, including out-of-court alternatives;

WHEREAS, the Governing Bodies, in consultation with the Companies' financial and legal advisors, has determined in their reasonable judgment that it is desirable and in the best interests of the Companies and their creditors, stakeholders, and other interested parties that each of the Companies file petitions seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

WHEREAS, the Governing Bodies have been presented with proposed petitions and related documents to be filed by the Companies in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") seeking relief under the Bankruptcy Code as debtors in possession; and

WHEREAS, the Governing Bodies have determined in good faith, their reasonable judgment, and their commercially reasonable discretion that filing chapter 11 petitions for the Companies is necessary and appropriate to protect and preserve the Companies' investments and assets; and

NOW, THEREFORE, it is –

RESOLVED, that each of the Companies is authorized and empowered to file petitions seeking relief under the provisions of chapter 11 of the Bankruptcy Code at such time as determined by the Chief Restructuring Officer;

RESOLVED, that any one or more officers of the Company, including the Chief Restructuring Officer (each an "Authorized Person" and collectively, the "Authorized Persons") are authorized and empowered, in the names and on behalf of the Companies, to execute, deliver and verify all petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court and to commence any ancillary or related proceedings as may be necessary or appropriate to effectuate the restructuring of the Companies and to execute, deliver, verify, and cause to be filed all documents in furtherance thereof, at such time as such Authorized Person executing the same shall determine; and

RESOLVED, that each Authorized Person is authorized and empowered, in the names and on behalf of the Companies, to negotiate, enter into, execute, deliver, certify, file, record, and perform, or cause to be negotiated, entered into, executed, delivered, certified, filed, recorded, and performed, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, acknowledgments, applications (including, without limitation, applications for approvals or rulings of governmental or regulatory authorities), pleadings, or other documents and to take, or cause to be taken, such other actions, as in the judgment of such Authorized Person shall be or become necessary, advisable, proper, or desirable in connection with the Companies' chapter 11 cases, such Authorized Person's performance of any such act and his or her execution and delivery of any such document, agreement, or instrument to be conclusive evidence of the Authorized Person's approval thereof.

DEBTOR-IN-POSSESSION FINANCING

RESOLVED, that that the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Companies, to enter into a debtor in possession credit facility (the "DIP Credit Facility"), and negotiate, execute, deliver and file any related motions, documents, or instruments, each on terms and conditions agreed to by the Companies and the lenders and such other terms as are customary for similar debtor-in-possession facilities and to cause the Companies to grant a security interest in substantially all of their assets in connection therewith, and to undertake any and all related transactions contemplated thereby;

RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Companies, to cause to be prepared, to negotiate, execute, deliver, file and cause the applicable Company to perform any obligations under, and the Companies are hereby authorized to perform their obligations and take the actions

contemplated under, the DIP Credit Facility and such other documents, agreements, guaranties, instruments, financing statements, notices, undertakings, certificates, and other writings as may be required by, contemplated by, or in furtherance of the DIP Credit Facility, each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Persons, and any amendments, restatements, amendments and restatements, supplements, or other modifications thereto, in each case with such changes therein and additions thereto (substantial or otherwise) as shall be deemed necessary, appropriate, or advisable by any Authorized Person executing the same in the name and on behalf of the Companies, such approval to be evidenced conclusively by such execution;

RESOLVED, that the Companies, as debtors and debtors in possession under the Bankruptcy Code, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and claims against the Companies' assets as may be contemplated by or required under the terms of cash collateral agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Companies in their chapter 11 cases and any of the Companies' affiliates who may also, concurrently with the Companies' petitions, file for relief under the Bankruptcy Code;

RESOLVED, that the Companies will receive substantial direct and indirect benefits from the loans and other financial accommodations to be made under the DIP Credit Facility to the Companies and their affiliates.

RETENTION OF ADVISORS

WHEREAS, the Governing Bodies have determined, in the good-faith exercise of their reasonable business judgment, that it is desirable and in the best interests of the Companies and their creditors, stakeholders, and other interested parties for the Companies to engage O'Melveny & Myers LLP as attorneys for the Companies in connection with the chapter 11 cases, subject to Bankruptcy Court approval;

WHEREAS, the Governing Bodies have determined, in the good-faith exercise of their reasonable business judgment, that it is desirable and in the best interests of the Companies and their creditors, stakeholders, and other interested parties for the Companies to engage Pivot Management Group, LLC as restructuring advisor for the Companies in connection with the chapter 11 cases, subject to Bankruptcy Court approval, and to have Lance Miller continue to serve as Chief Restructuring Officer, in connection with any case commenced by any Company under the Bankruptcy Code and all related matters, and any such matters are hereby ratified in their entirety; and

WHEREAS, the Governing Bodies have determined, in the good-faith exercise of their reasonable business judgment, that it is desirable and in the best interests of the Companies and their creditors, stakeholders, and other interested parties for the Companies to engage Stretto, Inc. as claims and noticing agent for the Companies in connection with the chapter 11 cases, subject to Bankruptcy Court approval.

NOW, THEREFORE, it is –

3

RESOLVED, that the Companies are authorized to engage O'Melveny & Myers LLP as attorneys for the Companies in connection with the chapter 11 cases, subject to Bankruptcy Court approval;

RESOLVED, that the Companies are authorized to engage Pivot Management Group, LLC as restructuring advisor and to have Lance Miller continue to serve as Chief Restructuring Officer in connection with the chapter 11 cases, subject to Bankruptcy Court approval;

RESOLVED, that the Companies are authorized to engage Stretto, Inc. as claims and noticing agent for the Companies in connection with the chapter 11 cases, subject to Bankruptcy Court approval; and

RESOLVED, that each Authorized Person is authorized and empowered, in the names and on behalf of the Companies, to engage and retain all assistance by legal counsel, accountants, investment banking advisors, financial advisors, restructuring advisors, and other professionals, subject to Bankruptcy Court approval, and to perform any and all further acts and deeds that the Authorized Persons deem necessary, proper, advisable, or desirable in furtherance thereof with a view to the successful prosecution of the Companies' chapter 11 cases.

<u>GENERAL AUTHORITY TO IMPLEMENT FOREGOING RESOLUTIONS</u>

RESOLVED, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents, or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

RESOLVED, that all prior lawful actions taken by any Authorized Person or any director, employee, legal counsel, or other representative of the Companies, in the names and on behalf of the Companies, in connection with the matters described in, and within the authority conferred by, the foregoing resolutions are authorized, ratified, and confirmed;

RESOLVED, that in connection with the transactions contemplated by the preceding resolutions, the Authorized Persons of the Companies be, and each of them individually hereby is, authorized in the names and on behalf of the Companies, to certify any more formal or detailed resolutions as such Authorized Person may deem necessary, appropriate, or desirable to effectuate the intent of the foregoing resolutions; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the Manager as if set forth at length herein;

RESOLVED, that, for the avoidance of doubt, any action authorized to be taken by an Authorized Person on behalf of a Company by these resolutions may be taken by such Authorized Persons directly on behalf of any such Company as an "Authorized Person" or on behalf of the Manager, acting in its capacity as manager of any such Company; and

RESOLVED, that any one or more Authorized Persons and any one or more directors, employees, legal counsel, and other representatives of the Companies are authorized to prepare,

execute, deliver, and file any and all other documents and instruments or cause such documents and instruments to be prepared, executed, delivered, and filed, and to take any and all other lawful actions or cause such actions to be taken, in the names and on behalf of the Companies, that any such person may determine to be necessary or appropriate to implement the intent and purposes of the foregoing resolutions and the actions described therein.

*[Signature page follows]*

**IN WITNESS WHEREOF**, the undersigned manager of the Companies has executed this written consent as of the date first written above.

Gerald C. ("Jerry") Ayoub
Manager of

11751 Alameda Avenue Owner, LLC
JNY Building Owner, LLC
JNY II Building Owner, LLC
Five Star Resort Owner, LLC
Five Star Land Owner, LLC
FSPV Mezz C Sub LLC
FSPV Res C, LLC
1340 Bob Hope Drive Owner, LLC
Five Star Land Mezz, LLC
Five Star Resort Mezz, LLC
Unit 82 El Paso Owner, LLC
Southwest Rojas Parent, LLC
Southwest Rojas, LLC

[Signature Page to Written Consent]

**IN WITNESS WHEREOF**, the undersigned sole members of the Companies have executed this written consent as of the date first written above.

**11751 ALAMEDA AVENUE OWNER, LLC**

11751 Alameda Avenue Parent, LLC, a Delaware limited liability company, its Sole Member
By: Gerald C. ("Jerry") Ayoub, its Sole Member

Gerald C. ("Jerry") Ayoub

**JNY BUILDING OWNER, LLC**

JNY Mezz, LLC, a Delaware limited liability company, its Sole Member
By: Gerald C. ("Jerry") Ayoub, its Manager

Gerald C. ("Jerry") Ayoub

**JNY II BUILDING OWNER, LLC**

JNY II Mezz, LLC, a Delaware limited liability company, its Sole Member
By: Gerald C. ("Jerry") Ayoub, its Manager

Gerald C. ("Jerry") Ayoub

**FIVE STAR RESORT OWNER, LLC**

Five Star Resort Mezz, LLC, a Delaware limited liability company, its Sole Member
By: Gerald C. ("Jerry") Ayoub, its Manager

Gerald C. ("Jerry") Ayoub

[Signature Page to Written Consent]

**FIVE STAR LAND OWNER, LLC**

Five Star Land Mezz, LLC, a Delaware limited liability company, its Sole Member

By: Gerald C. ("Jerry") Ayoub, its Manager

_____

Gerald C. ("Jerry") Ayoub

**FSPV MEZZ C SUB LLC**

FSVP Mezz C LLC, a Delaware limited liability company, its Sole Member

By: FSPV Operations LLC, a Delaware limited liability company, its Sole Member

By: Gerald C. Ayoub, its Managing Member

_____

Gerald C. ("Jerry") Ayoub

**FSPV RES C, LLC**

FSPV Mezz C Sub LLC, a Delaware limited liability company, its Sole Member

By: FSVP Mezz C, LLC, a Delaware limited liability company, its Sole Member

By: FSPV Operations LLC, a Delaware limited liability company, its Sole Member

By: Gerald C. Ayoub, its Managing Member

_____

Gerald C. ("Jerry") Ayoub

[Signature Page to Written Consent]

### 1340 BOB HOPE DRIVE OWNER, LLC

1340 Bob Hope Drive Parent, LLC, a Delaware limited liability company, its Sole Member

By: 5 Star Tech II-2, L.P., a Texas limited partnership, its Sole Member

By: F-Star Management, LLC, a Delaware limited liability company, its General Partner

By: F-Star Properties, Inc., a Texas corporation, its Sole Member

By: Gerald C. ("Jerry") Ayoub, its President

_____

Gerald C. ("Jerry") Ayoub

### FIVE STAR LAND MEZZ, LLC

Five Star Land Holdings (AZ), LLC, a Delaware limited liability company, its Sole Member

By: Five Star Land Holdings Parent, LLC, a Delaware limited liability company, its Sole Member

By: Five Star Development Resort Communities, LLC, an Arizona limited liability company, its Sole Member

By: Gerald C. ("Jerry") Ayoub, its Manager

_____

Gerald C. ("Jerry") Ayoub

**FIVE STAR RESORT MEZZ, LLC**

Five Star Resort Holdings, LLC, a Delaware limited
liability company, its Sole Member
    By: Five Star Resort Holdings Parent, LLC, a
    Delaware limited liability company, its Sole
    Member
        By: Five Star Development Resort
        Communities, LLC, an Arizona limited
        liability company, its Sole Member
           By: Gerald C. ("Jerry") Ayoub,
           its Manager

_____
Gerald C. ("Jerry") Ayoub

**UNIT 82 EL PASO OWNER, LLC**

Unit 82 El Paso Parent, LLC, a Delaware limited
liability company, its Sole Member
    By: Unit 82 Joint Venture, a Texas joint venture,
    its Sole Member
        By: Ayoub Investments-Texas, Inc., a
        Delaware corporation, its General Partner
           By: Gerald C. ("Jerry") Ayoub,
           its President

_____
Gerald C. ("Jerry") Ayoub

**SOUTHWEST ROJAS PARENT, LLC**

Gerald C. ("Jerry") Ayoub, its Sole Member

_____
Gerald C. ("Jerry") Ayoub

**SOUTHWEST ROJAS, LLC**

Southwest Rojas Parent, LLC, a Delaware limited
liability company, its Sole Member
    By: Gerald C. ("Jerry") Ayoub, its Sole Member

_____
Gerald C. ("Jerry") Ayoub

[Signature Page to Written Consent]

**IN WITNESS WHEREOF**, the undersigned independent managers of the Companies have executed this written consent as of the date first written above.

Miranda L. Brewer
Independent Manager of

11751 Alameda Avenue Owner, LLC
JNY Building Owner, LLC
JNY II Building Owner, LLC
Five Star Resort Owner, LLC
Five Star Land Owner, LLC
FSPV Res C, LLC
1340 Bob Hope Drive Owner, LLC
Unit 82 El Paso Owner, LLC
Southwest Rojas, LLC

Jessica L.M. Woodward
Independent Manager of

FSPV Mezz C Sub LLC
Five Star Land Mezz, LLC
Five Star Resort Mezz, LLC
Southwest Rojas Parent, LLC

[Signature Page to Written Consent]